William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
501 Madison Avenue, 15th Floor
New York, New York 10017
Phone: (212) 286-1425; Fax: (646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
SHELDON HERBERT, BENJAMIN DAVIS,      :      ECF
JUSTYN MARTINDALE,      :
Individually and on Behalf of All Other      :      18 Civ. 5653 (AJN)
Persons Similarly Situated,      :
      :
      :
          Plaintiffs,      :
      :
    -against-      :
      :
GO NEW YORK TOURS INC. and      :
ALON BRAND,      :
      :
         Defendants.      :
--------------------------------------------------------------------X

**DECLARATION OF WILLIAM C. RAND IN SUPPORT OF PARTIES' APPLICATION
FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**


# EXHIBIT A

# SIGNED SETTLEMENT AGREEMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | | |
|---|---|---|
| SHELDON HERBERT, BENJAMIN DAVIS, JUSTYN MARTINDALE, | : | ECF |
| Individually and on Behalf of All Other Persons Similarly Situated, | : | 18 Civ. 5653 (AJN) |
| | : | |
| Plaintiffs, | : | |
| -against- | : | |
| GO NEW YORK TOURS INC. and ALON BRAND, | : | |
| Defendants. | : | |

-------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

      This Settlement Agreement and Release ("Agreement") is entered into by and between Sheldon Herbert, Benjamin Davis, Justyn Martindale (collectively, "Plaintiffs" or "Named Plaintiffs" ), individually and on behalf of the NYLL Settlement Class and FLSA Settlement Class, as defined herein, on the one hand, and Go New York Tours, Inc. and Alon Brand ("Defendants") (collectively, the "Parties"), on the other hand. This Agreement is intended by the Parties to fully and finally compromise, resolve, discharge, and settle all Released Claims, as defined herein, subject to the terms and conditions set forth below and the final approval of the District Court.

      WHEREAS, Plaintiffs have filed a lawsuit against Defendants in the United States District Court in the Southern District of New York, Case No. 1:18-cv-5653 (AJN) (the "Lawsuit") alleging, among other things, violations of the Fair Labor and Standards Act and New York Labor Law;

      WHEREAS Defendants have denied, and continue to deny, that they have committed any violations of law or engaged in any wrongful acts alleged in the Complaint, as defined herein, filed in this Lawsuit or otherwise, Defendants consider it desirable to resolve the Lawsuit on the terms stated herein to avoid further expensive, inconvenience, and burden;

      WHEREAS, the Parties have agreed to resolve their differences amicably based on the terms contained herein and settle all claims asserted in the Lawsuit;

      WHEREAS, the Parties are satisfied that the terms and conditions of this settlement are fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Class Members.

      **NOW, THEREFORE,** without any admission or concession of liability or wrongdoing or

the lack of merit of any defense whatsoever by Defendants, or any admission or concession of the lack of merit of this Lawsuit whatsoever by Plaintiffs, in consideration of the mutual promises contained herein and for other good and valuable consideration, the Parties hereby covenant and agree that the Lawsuit and all claims of the NYLL Settlement Class and FLSA Settlement Class be settled, compromised, and dismissed on the merits and with prejudice, subject to Court approval, on the terms and conditions set forth herein and upon the Effective Date (as defined below).

1) Definitions.

    a) "Class Members" means all persons who worked for Defendant Go New York Tours, Inc. as a bus station/boat dock supervisor employee from June 21, 2012 to September 28, 2016, the date at which Defendant Go New York Tours, Inc. began paying bus station/boat dock supervisor employees overtime, and were paid a salary during the Relevant Period. A list of Class Members and the settlement amount of each Class Member before proportional adjustment for any excess amount in the Settlement Fund is attached as Exhibit A.

    b) "Complaint" means the Amended Complaint and Jury Demand filed by Plaintiffs on October 5, 2018.

    c) "Defendants' Counsel" means the law firm of Barton LLP.

    d) "Defendant Releasees" means Defendants and their respective successors, affiliates, assigns, employees, agents, consultants, representatives, accountants, attorneys, heirs, successors, and assigns, and each of them.

    e) "Defendant Releasors" means Defendants, for themselves and their predecessors, successors, and assigns, their current and former subsidiaries and divisions, and their current and former officers, directors, employees, agents, and representatives, past and present, and each of them.

    f) "Effective Date" means, provided no appeal is timely filed, thirty (30) days after the Court has entered a Final Order. If such an appeal is timely filed, the date of the latest of the following, if applicable, becomes the Effective Date: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review or for certiorari with respect to any appellate decision affirming the Final Order has expired; and (4) if a petition for review or for certiorari of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form entered by the Court.

    g) "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

    h) "Final Approval Order" means the order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, authorizing distribution of the

Settlement Checks, dismissing the Litigation with prejudice, and entering Judgment of Dismissal pursuant to this Agreement and in accordance with Fed. R. Civ. P. 58.

i) "FLSA Settlement Class Members" means all persons who worked for Defendant Go New York Tours, Inc. as a bus station/boat dock supervisor employee from June 21, 2012 to September 28, 2016, the date at which Defendant Go New York Tours, Inc. began paying bus station/boat dock supervisor employees overtime, and who endorse their Settlement Checks.

j) "Last Known Address" means the most recently recorded physical mailing address and/or electronic mail address for a Class Member as such information is contained in Defendants' HR database or other records.

k) "Notice" and "Notices" mean the Court-approved Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing. A proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing and a proposed Notice of Settlement of Collective Action Lawsuit and Fairness Hearing are attached as Exhibit B.

l) "Participating NYLL Settlement Class Members" means all persons who worked for Defendant Go New York Tours, Inc. as a bus station/boat dock supervisor employee from June 21, 2012 to September 28, 2016, the date at which Defendant Go New York Tours, Inc. began paying bus station/boat dock supervisor employees overtime, and who receive the notice of class settlement by mail and  do not timely opt-out of the New York Labor Law claims.

m) "Plaintiffs' Counsel" means the Law Office of William Coudert Rand.

n) "Preliminary Approval Order" means the Order entered by the Court certifying the  FLSA Class and NYLL Class for settlement purposes only and preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the content of the parties' proposed Notice (attached hereto as Exhibit B), the manner and timing of providing the Notice, and the time period for opt-outs and objections. A proposed Preliminary Approval Order is attached hereto as Exhibit C.

o) "Relevant Period" means from June 21, 2012 to September 28, 2016, the date at which Defendant Go New York Tours, Inc. began paying bus station/boat dock supervisor employees overtime.

p) "Settlement Claims Administrator" will be the firm Barton LLP. The Settlement Claims Administrator will be responsible for mailing (including e-mailing) the Notice to Class Members; responding to Class Member inquiries; calculating Class Members' settlement allocation; reporting on the state of the Settlement to the Parties; establishing and administering the Settlement Fund; distributing settlement payments; calculating and paying the Employer Payroll Taxes; calculating and withholding Class Members' share of applicable payroll taxes (including, without limitation, federal, state, and local income tax withholding, FICA, Medicare and any state or local employment taxes); remitting such

withheld funds to the appropriate taxing authorities and providing any related tax reporting; preparing and filing all tax returns necessary for the Settlement; preparing a declaration regarding its due diligence in the claims administration process; and performing such other duties as the Parties may jointly direct or as are specified herein. All settlement administration amounts, including but not limited to the Settlement Claims Administrator's fees and costs, shall be paid by Defendant. If the Settlement is not given final approval by the Court and does not become Effective, the Parties shall bear settlement administration fees and costs equally.

q) "Settlement Checks" means checks issued to Class Members, Named Plaintiffs and/or Class Counsel pursuant to this Agreement.

2) <u>Retention of Settlement Claims Administrator</u>.

a) Barton LLP shall be responsible for acting as the Settlement Claims Administrator. The Settlement Claims Administrator will provide regular reports to the Parties regarding the status of the mailing (including emailing) of the Notices to Class Members, a summary of the number of individuals who have requested to opt-out or submitted objections, the claims administration process, distribution of the Settlement Checks, and other matters relating to the Settlement.

b) Defendants agree to reasonably cooperate with the Settlement Claims Administrator, provide accurate information necessary to calculate the amounts of the Settlement Checks, provide reasonably available data to assist the Settlement Claims Administrator in locating Class Members, and provide other reasonably available information related to the administration of the Settlement.

3) <u>Settlement Payment and Allocation</u>.

Defendants shall pay the maximum gross settlement amount of fifty-seven thousand nine hundred sixty-five dollars ($57,965.00) ("Settlement Fund"), within twenty (20) days of the Effective Date ("Payment Date"), which shall fully resolve and satisfy any and all amounts to be paid to the Class Members, individual payments to the Named Plaintiffs, and any claim for attorneys' fees and costs approved by the Court.. Other than the employer payroll taxes, Defendants will not be required to pay more than the gross total of fifty-seven thousand nine hundred sixty-five dollars ($57,965.00.).

(a) The Class and Collective Members shall be paid $17,500 as shown on Exhibit A

(b) Named Plaintiffs in addition to their recovery as part of the Class shall receive the following amounts to settle the claims brought by them individually in the Complaint: Sheldon Herbert shall receive seven thousand five hundred dollars ($7,500.00); Justyn Martindale shall receive five thousand dollars ($5,000.00); and Benjamin Davis shall receive three thousand five hundred dollars ($3,500.00) (the "Named Plaintiffs' Settlement Payment")

(c) Class Counsel shall receive fees and expenses approved by the Court in an amount no greater than $24,465. Class Members will receive the balance of the Settlement Fund after the deduction of the Named Plaintiffs' Settlement Payment and Class Counsel Payments, which shall be proportionally allocated to Participating NYLL Settlement Class Members based on the Participating NYLL Settlement Class Member amounts listed on Exhibit A.

The adjusted amounts on the second page of Exhibit A were calculated as follows: the total number of Overtime Hours ("Overtime Hours") for the individual Class Member multiplied by half the Average Hourly Pay for the individual Class Member. The Overtime Hours of each Class Member will be calculated by adding the total number of overtime hours worked during the Relevant Period by the Class Member, except in any week in which there is less than four (4) hours of overtime, the Class Members shall be credited with 4 hours of overtime for that week.

b) At the Fairness Hearing and Motion for Final Approval, Plaintiffs' Counsel will petition the Court for attorneys' fees and costs in the Lawsuit in the amount of twenty-four thousand four hundred and sixty-five dollars ($24,465.00). Defendants agree not to oppose any such application and agree to pay up to $24,465 of attorneys' fees and expenses. No other request for attorneys' fees and costs from Defendants will be made. Within twenty (20) days of the Effective Date, Defendants will pay the fees and costs ordered by the Court up to $24,465.00.

c) Class Members will have ninety (90) days from the date of mailing to negotiate their Settlement Checks (the "Acceptance Period.") Class Members will be informed of the Acceptance Period in the Notices and on the Settlement Checks.

d) Within ten (10) days after Defendants fund the Settlement Fund, The Settlement Claims Administrator shall mail all Settlement Checks to Class Members at their Last Known Address, along with a notice that they have ninety (90) days to cash the Settlement Checks or their check will become invalid ("Check Cashing Period") and shall mail the payments to the Named Plaintiffs to Plaintiff's Counsel and shall mail the check to Plaintiff's counsel to Plaintiff's Counsel, in accordance with the Final Approval Order.

e) The Settlement Claims Administrator shall notify Plaintiffs' Counsel within Ninety Days (90) days after the transmission of Settlement Checks as to the names of any Class Member that has yet to cash his/her Settlement Check. Settlement Checks not cashed within the Check Cashing Period will be void and a stop-payment directive shall be placed by the Settlement Claims Administrator with the applicable bank. The amounts in the Settlement Fund attributable to the void and uncashed Settlement Checks will revert to Defendants if not requested to be paid by the check payee within 90 days after the Check Cashing Period. Within 90 days of the end of the Check Cashing Period, if the payee does not request payment, the amounts of uncashed Settlement Checks shall be returned to Defendants. This Agreement and the Judgment of Dismissal do not and will not create any unpaid residue or unpaid residual with respect to the amounts of uncashed checks, and no distribution of such shall be required. The provisions of any unclaimed property statute or law do not apply to this action or this Agreement.

5

f) Defendants and the Settlement Claims Administrator shall exchange such information as is necessary and reasonably available for the Settlement Claims Administrator to make proper tax withholdings and comply with tax reporting obligations.

4) Settlement Procedures.

a) The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Judgment of Dismissal.

b) Within thirty (30) days of execution of this Agreement, Defendants' Counsel shall file for Preliminary Approval of the proposed Settlement Agreement requesting a Preliminary Approval Order that contains the following provisions:

   i) Preliminarily approving this Settlement Agreement and its terms;

   ii) Approving the form of the Class Notice, finding that the proposed method of disseminating the aforementioned notice meets the requirements of due process and is the best notice practicable under the circumstances;

   iii) Conditionally certifying the FLSA Class and NYLL Class for settlement purposes only; and

   iv) Setting date(s) for individuals to opt-out or provide objections to this Agreement and for a Fairness Hearing before the Court at the earliest practicable date.

c) Not later than fifteen (15) days before the Fairness Hearing, Plaintiffs and Defendants will file with the Court their Motion for Final Approval. A proposed Final Approval Order is attached hereto as Exhibit D. The Motion for Final Approval will be provided to Plaintiffs for review and comment at least ten (10) days prior to filing with the Court, and Defendants' will accept Plaintiffs' reasonable comments.

d) The Fairness Hearing shall be held at the Court's convenience. At the Fairness Hearing and through Plaintiffs' Motion for Final Approval, the Parties will request that the Court, among other things:

   i) Certify the FLSA Class and NYLL Class for purposes of settlement only;

   ii) Enter Judgment in accordance with this Agreement;

   iii) Approve the Settlement and Agreement as final, fair, reasonable, adequate, and binding on all such Class Members who have not timely opted out and on all collective action members who have cashed a Settlement Check; and

   iv) Dismiss the Lawsuit with prejudice and retain jurisdiction over the settlement.

5) Effect of Failure to Grant Final Approval.

    a) In the event the Court fails to enter Judgment in accordance with this Agreement or such Judgment does not become Final as defined herein, the parties shall resume the Lawsuit unless the parties jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment or attempt to renegotiate the settlement and seek Court approval of the negotiated settlement. In the event any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved:

        i) The Lawsuit will proceed as if no settlement had been attempted. In that event, the class certified for purposes of settlement shall be decertified, and Defendants may contest whether this Lawsuit should be maintained as a class action or collective action and contest the merits of the claims being asserted by Plaintiffs in this action. In such a case, the parties will negotiate and submit for Court approval a revised case management schedule.

        ii) The Court will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to the Class Members under the Agreement. Such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Claims Administrator in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

6) Notice to Class Members.

    a) Within twenty (20) days of the Court's issuance of a Preliminary Approval Order, Defendants shall provide the Settlement Claims Administrator, in electronic form, for all Class Members the following information: name and Last Known Addresses, to the extent that information exists in Defendants' records ("Class List"). If an individual claiming to be a putative settlement class member contacts Plaintiffs' Counsel, Defendants will provide Plaintiffs' Counsel with the necessary contact information or documents so that Plaintiffs' Counsel may consult with the individual about his or her claim. For any individual on the Class List for whom the Last Known Address consists only of an email address, or contains no valid address at all, the Settlement Claims Administrator shall perform a standard skip trace in order to attempt to ascertain the current postal mailing address for the Class Member in question, and any address so identified will become part of the Last Known Address.

    b) The Settlement Claims Administrator will take reasonable steps to obtain the correct address of any Class Members for whom a Notice is returned as undeliverable. The Settlement Claims Administrator will notify Class Counsel and Defendants' Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

c) Within ten (10) days of the Defendants' provision of the Class List, the Settlement Claims Administrator will mail to all Class Members, via First Class United States Mail, postage prepaid, the Court-approved Notice. A proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing and Notice of Settlement of Collective Action Lawsuit and Fairness Hearing is attached as Exhibit B.

7) Class Member Opt-Outs.

a) Upon execution of this Agreement, the Named Plaintiffs are deemed to be Participating NYLL Settlement Class Members and will receive a Settlement Check, if approved by the Court. The Named Plaintiffs shall not opt out of the Settlement, and the execution of this Agreement shall signify his agreement to all of its terms.

b) Class Members whose first mailing was returned to the Settlement Claims Administrator as undeliverable will be allowed to opt-out or object up to thirty (30) days from the date of the second mailing. The Settlement Claims Administrator shall not attempt more than two (2) mailings of the Notice to any Class Member.

c) The Settlement Claims Administrator shall keep accurate records of the dates on which it sends Notices to each Class Member.

d) Any Class Member who chooses to opt-out of the Settlement as set forth in this Agreement must mail, fax, or e-mail a written, signed statement to the Settlement Claims Administrator that: (i) states he or she is opting out of the settlement; (ii) includes his or her name, address, and telephone number; and (iii) unconditionally states an intention to opt-out, such as: "I opt out of the Go New York settlement" ("Opt-out Statement"). To be effective, an Opt-out Statement must be postmarked, faxed or emailed within thirty (30) days from the mailing of the Notice to the Class Member ("Opt-out Period"). For any deadline under this Agreement that is based on a postmark, in the event that there is no postmark date of the document, it shall be presumed the document was mailed three (3) days prior to the date received by the Settlement Claims Administrator's receipt of the document, excluding any Sunday or other day for which no postal service was provided. It is the responsibility of the individual seeking to opt-out to retain a copy of the Opt-out Statement and proof of timely mailing, emailing or faxing.

e) The Settlement Claims Administrator will stamp the postmark date on the original of each Opt-out Statement that is receives and shall serve copies of each Opt-out Statement on Plaintiffs' Counsel and Defendants' Counsel not later than five (5) days after receipt thereof. The Settlement Claims Administrator will, within twenty-four (24) hours of the end of the Opt-out Period, send a final list of all Opt-out Statements to Plaintiffs' Counsel and Defendants' Counsel by both email and overnight delivery. The Settlement Claims Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

f) An Opt-out Statement that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Class Notice, or that is not sent within the time specified, shall be invalid, and the person(s) filing such an invalid request shall be a Participating NYLL Settlement Class Member and shall be bound by the settlement set forth in this Agreement, if approved.

g) Any Class Member whose notice by mail is returned and thus not accomplished or who has properly opted out of this settlement will be removed from the Class and will not be subject to this Agreement or any release herein and will not be paid any monies pursuant to this Settlement Agreement.

8) Objections to Settlement.

a) Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in a written statement ("Written Objection"). To be considered, the Written Objection must be mailed to the Settlement Claims Administrator, via First-Class United States Mail, postage prepaid, and be received by the Settlement Claims Administrator by a date certain thirty (30) days from the mailing of the Notice to the Class Member and no later than sixty (60) days from the Preliminary Approval Order. The Written Objection must include (1) the words, "I object to the Go New York wage and hour settlement"; (2) all reasons for the objection (any reasons not included in the statement will not be considered); and (3) the name, address, and telephone number for the Class Member making the objection. An objection will not be valid or considered by the Court if it does not specifically comply with all of the requirements listed herein. The Settlement Claims Administrator will stamp the date received on the original and send copies of each Written Objection to Plaintiffs' Counsel and Defendants' Counsel by email and overnight delivery no later than three (3) days after receipt thereof. The Settlement Claims Administrator will also file the date-stamped originals of any and all Written Objections with the Court within three (3) days after the end of the Opt-out Period.

b) An individual who files objections to the settlement ("Objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her Written Objections at the time he or she submits his or her Written Objections. An Objector may withdraw his or her objections at any time. No Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided in this section. No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her Written Objections. A Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement or speak at the Fairness Hearing.

c) The parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

9) Participating NYLL Settlement Class Members.

a) A Class Member who received notice by mail but does not timely return an Opt-Out Statement will be issued a Settlement Check by the Settlement Claims Administrator in accordance with the Final Approval Order.

b) All Settlement Checks shall contain on the back of the check the following limited endorsement:

**CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS:**

I understand that I have up to ninety (90) days from the date I was mailed this Settlement Check to sign and cash this Settlement Check.

By endorsing this check, I consent to join in the case entitled Herbert, et al. v Go New York Tours, Inc., No. 18-CV-05653, now pending in the United States District Court for the Southern District of New York, and agree to be bound by the Settlement Agreement negotiated by Plaintiffs' Counsel in that case.

I irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge any claim that I have or might have against (1) Go New York, Inc., its parents, affiliates, subsidiaries, officers, directors, shareholders, agents, and/or employees and (2) Alon Brand and his successors, affiliates, assigns, agents, consultants, representatives, accountants and attorneys, past and present, and his respective heirs, successors, and assigns, for unpaid minimum wages or overtime wages for work performed for Go New York Tours and/or Alon Brand as a bus station/boat dock supervisor from June 21, 2012 to September 28, 2016 based on the federal Fair Labor Standards Act.

_____          Dated: _____
Signature

If any such NYLL Settlement Class Member fails to endorse his/her respective Settlement Check, the release provision shall not apply to any potential FLSA claims.

10)   Tax Characterization.

a) For tax purposes, fifty percent (50%) of payments to Class Members shall be treated as back wages and fifty percent (50%) of such payments shall be treated as interest and/or liquidated damages.

b) Payments treated as back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Services ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. Payments treated as interest and/or liquidated damages shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law,

under the payee's name and social security number on an IRS Form 1099.

c) Defendants shall pay an estimate of all state and federal payroll taxes imposed by applicable law, including the employer's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages, as determined by the Settlement Administrator. Defendants shall pay the amount necessary within sixty (60) days from the Preliminary Approval Order or whenever due under applicable law, whichever is sooner.

d) Participating NYLL Settlement Class Members acknowledge and agree that each will be solely responsible for all taxes, interest and penalties due to be paid by them with respect to any payment received pursuant to this Agreement and will indemnify, defend, and hold Defendants and the Settlement Claims Administrator harmless from and against any and all taxes, interest, penalties, attorneys' fees and other costs imposed on Defendants or the Settlement Claims Administrator as a result of Plaintiffs' failure to timely pay such taxes.

e) The employee portion of all applicable income and payroll taxes will be the responsibility of the individual Participating NYLL Settlement Class Members receiving a Settlement Check.

11) <u>Release of Class Claims.</u>

a) By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement:

i) Each Participating NYLL Settlement Class Member who does not timely opt out pursuant to this Agreement, on his or her behalf and on behalf of his or her current, former and future representatives, heirs, spouses, executors, administrators, agents, and attorneys, forever and fully releases and discharges any and all Defendant Releasees from all claims under New York state law related to their employment by Defendants for alleged regular or overtime wages based on work performed for Defendants during the Relevant Time Period based on the New York Labor Law or common law, including but not limited to claims for unjust enrichment and breach of contract ("Released NYLL Claims").

ii) Each FLSA Settlement Class Member, on his or her behalf and on behalf of his or her current, former and future representatives, heirs, spouses, executors, administrators, agents, and attorneys, forever and fully releases and discharges all Defendant Releasees from all FLSA claims for damages based on work performed for Defendants during the Relevant Time Period ("Released FLSA Claims"). The Released FLSA Claims include all FLSA claims for unpaid minimum or overtime wages, any related wage and hour claims, all derivative benefit claims, interest on such claims, attorneys' fees and costs related to such claims relating to FLSA Settlement Class Members' employment with Defendants.

iii) Except as provided in this Agreement, Plaintiffs, Participating NYLL Settlement Class

Members, and FLSA Settlement Class Members hereby irrevocably and unconditionally release, acquit and forever discharge any claim that he, she, or they may have against Defendants for attorneys' fees or costs associated with Plaintiffs' Counsel's representation of the Class Members in the Lawsuit. Plaintiffs further understand and agree that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees and costs associated with Plaintiffs' Counsels' representation in the Lawsuit.

12) Release of Individual Claims by Named Plaintiffs

   a) By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, each Class Representative, on his behalf and on behalf of his current, former and future representatives, heirs, spouses, executors, successors, assigns, affiliates, administrators, agents, and attorneys hereby forever and fully releases Defendant Releasees from any and all claims and causes of action of every kind that Named Plaintiffs brought or could have brought on their own behalf and not on behalf of the Class Members in the Action ("Released Individual Claims"), whether known or unknown, including but not limited to claims relating to each Named Plaintiff's employment with Defendants. This shall specifically include without limitation all claims stated or that may have been made by each Class Representative in the Lawsuit, as well as any claims under New York Labor Law, Fair Labor Standards Act, and any other type of contract or tort theory, and/or any violation of any constitutional or statutory rights, and any attorneys' fees or costs claimed in connection with any of the above.

   b) Defendant Releasors forever and fully release the Named Plaintiffs of and from liability of any kind or type whatsoever from any and all counterclaims asserted in the Lawsuit.

   c) The Parties agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement. The Parties agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect its decision to enter into this Agreement, the releases herein given shall be and remain in effect as a full, final and complete general release of the Released State Law Claims, Released FLSA Claims, and Released Individual Claims, and the Parties shall not be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof. The Parties hereby waive and relinquish, to the fullest extent permitted by law, the rights and benefits of any statute which might otherwise render unenforceable a release contained in this Agreement.

13) Representations and Warranties of Named Plaintiffs.

   a) By signing this Agreement, the Named Plaintiffs each acknowledge and agree that:

      i) He has been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms thereof, and he has been

specifically urged by Defendants to consult with legal counsel or a representative of his choice, has had the opportunity to do so and has, in fact, done so by consulting with the firm of Law Office of William Coudert Rand, his attorneys of record;

ii) He has read and understands the terms of this Agreement, all of which have been fully explained to him;

iii) He has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

iv) The only consideration for signing this Agreement are the terms stated herein and no other promise, agreement, or representation of any kind has been made to any of the Named Plaintiffs by any person or entity whatsoever to cause him to sign this Agreement; and

v) He has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation.

14) Default.

    a) "Default" shall occur:

        i) If Defendants fail to make the Settlement Payment to Plaintiffs' Counsel when due; or

        ii) If either Party materially violates any of its obligations under this Agreement.

15) Revocation.

    a) Defendants may revoke this Agreement at any time prior to the five (5) days before the filing of the Motion for Final Approval in the event that any of the following conditions occur:

        i) More than ten (10%) of all Class Members affirmatively opt out of the NYLL Settlement Class by submitting timely and valid Opt-out Statements;

        ii) The Agreement is construed in such a fashion that would require Defendants to pay more than the amounts provided for in this Agreement; or

        iii) The Court does not certify, for settlement purposes only, either a class action or collective action.

    b) If Defendants revoke this Agreement, the Lawsuit will proceed as if there was no attempt at settlement. In that event, the class certified for purposes of settlement shall be decertified, and Defendants may contest whether this Lawsuit should be maintained as a class action

or collective action and contest the merits of the claims being asserted by Plaintiffs in this Lawsuit.

16)   Due Authorization.

The Parties to this Agreement warrant that the persons executing this Agreement are doing so on behalf of the designated Party and are authorized to bind the designated Party.

17)   No Strict Construction.

If an ambiguity or question arises with respect to any provision of this Agreement, this Agreement will be construed as if drafted jointly by the Parties, and no presumption or burden of proof will arise favoring or disfavoring either Party by virtue of authorship of any of the provisions of this Agreement.

18)   Non-Circumvention.

The Parties, and all officers, agents, servants, employees, and all other persons acting in active concert, privity, or participation with the Parties, agree not to effect assignments or transfers, form new entities or associations, or utilize any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

19)   Arms' Length Transaction; Materiality of Terms.

The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

20)   Severability.

The illegality, invalidity, or unenforceability of any provision of this Agreement shall not in any manner affect or render illegal, invalid, or unenforceable any other provision of this Agreement, and such provision, and this Agreement generally, shall be reformed, construed, and enforced so as to most nearly give lawful effect to the intent of the Parties as expressed herein.

21)   Entire Agreement.

This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes any and all existing or prior agreements and communications, whether written or oral, relating to the subject matter hereof. No modification of this Agreement shall be effective unless it is in writing and signed by an authorized representative of each Party.

22)     Continuing Jurisdiction.

The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

23)     Reliance.

Each of the Parties to this Agreement acknowledges that it has relied on the advice of its own attorneys in entering into this Agreement, and each further acknowledges that it has been afforded a full and complete opportunity to review and evaluate the terms and conditions of the settlement itself and of this Agreement.

24)     Governing Law.

This Agreement, and all matters arising directly or indirectly from this Agreement, shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of law principles, and any applicable provisions of United States federal law. The Parties agree that all actions, disputes, controversies, or proceedings arising out of or relating to this Agreement shall be tried and litigated exclusively in the State and Federal Courts located in the State of New York and the County of New York.

25)     Class Action Fairness Act Notice.

Defendant shall timely provide notice as required by the Class Action Fairness Act ("CAFA") and provide copies of such to Plaintiffs' Counsel.

26)     Execution in Counterparts.

This Agreement may be executed in counterparts (which may be exchanged by PDF), each of which shall be deemed an original, but which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement by their duly authorized officers.

Dated:  July 22, 2019

Agreed and Consented to:

**SHELDON HERBERT**                                    **BENJAMIN DAVIS**

By: _____                          By: _____
    Sheldon Herbert                                       Benjamin Davis

**JUSTYN MARTINDALE**                                 **GO NEW YORK TOURS, INC.**

By: _____                          By: _____
    Justyn Martindale                                     Asen Kostadinov
                                                         CEO
                                                         Go New York Tours, Inc.

**ALON BRAND**

By: _____
    Alon Brand

16

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement by their duly authorized officers.

Dated:  July 22, 2019

Agreed and Consented to:

**SHELDON HERBERT**

By:  _____
     Sheldon Herbert

**BENJAMIN DAVIS**

By:  _____
     Benjamin Davis

**JUSTYN MARTINDALE**

By:  _____
     Justyn Martindale

**GO NEW YORK TOURS, INC.**

By:  _____
     Asen Kostadinov
     CEO
     Go New York Tours, Inc.

**ALON BRAND**

By:  _____
     Alon Brand

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement by their duly authorized officers.

Dated:  July 22, 2019

Agreed and Consented to:

**SHELDON HERBERT**

By: _____
    Sheldon Herbert

**JUSTYN MARTINDALE**

By: _____
    Justyn Martindale

**ALON BRAND**

By: _____
    Alon Brand

**BENJAMIN DAVIS**

By: _____
    Benjamin Davis

**GO NEW YORK TOURS, INC.**

By: _____
    Asen Kostadinov
    CEO
    Go New York Tours, Inc.

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHELDON HERBERT, BENJAMIN DAVIS,               :        ECF
JUSTYN MARTINDALE,                             :
Individually and on Behalf of All Other        :        18 Civ. 5653 (AJN)
Persons Similarly Situated,                     :
                                               :
                                               :
                            Plaintiffs,        :
                                               :
     -against-                                 :
                                               :
GO NEW YORK TOURS INC. and                     :
ALON BRAND,                                    :
                                               :
                            Defendants.        :
-----------------------------------------------------------------------X

SETTLEMENT AGREEMENT AND RELEASE

# EXHIBIT A

# LIST OF CLASS MEMBERS AND SETTLEMENT AMOUNTS

**ACTUAL OVERTIME CALCULATIONS**

| Name | Average Weekly Hours | Number of Weeks/Pay Periods | Total Number of Overtime Hours | Average Hourly Pay | Totals |
|---|---|---|---|---|---|
| Carter, Gyasi | 45.60 | 9 | 50.40 | 15.16 | 382.032 |
| Davis, Benjamin | 43.15 | 19 | 59.85 | 15.11 | 452.16675 |
| Flores, Adrian | 46.56 | 48 | 314.88 | 15.49 | 2438.7456 |
| Flores, Henry | 52.05 | 25 | 301.25 | 17.22 | 2593.7625 |
| Herbert, Sheldon | 46.45 | 24 | 154.80 | 14.48 | 1120.752 |
| Jones, Ronnie | 47.59 | 24 | 182.16 | 15.72 | 1431.7776 |
| Martindale, Justyn | 37.49 | 13 | 0.00 | 14.04 | 0.00 |
| McDonald, Brian | 20.51 | 4 | 0.00 | 10.53 | 0.00 |
| Ortiz, David | 55.73 | 16 | 251.68 | 11.67 | 1468.5528 |
| Reyes-Estrada, Edwin | 46.97 | 22 | 153.34 | 15.24 | 1168.4508 |
| Rios, Jose | 45.70 | 74 | 421.80 | 12.93 | 2726.937 |
| Shenker, Samuil | 47.14 | 2 | 14.28 | 12.36 | 88.2504 |
| Torres, Victor | 40.57 | 36 | 20.52 | 14.33 | 147.0258 |
| Apuzen, Valmike | Paid hourly with overtime throughout his employment with GONY. | | | | |

|  | | | | **Total:** | **14,018.45325** |

**ADJUSTED OVERTIME CALCULATIONS**

Where the Total Number of Overtime Hours, when divided by the Number of Weeks/Pay Periods averages below four (4), the Total Number of Overtime Hours shall be adjusted so that each Class Member is credited with an average of 4 overtime hours per week.

| Name | Average Weekly Hours | Number of Weeks/Pay Periods | Total Number of Overtime Hours | Average Hourly Pay | Totals |
|---|---|---|---|---|---|
| Carter, Gyasi | 45.60 | 9 | 50.40 | 15.16 | 382.032 |
| Davis, Benjamin | 43.15 | 19 | ~~59.85~~ 76 | 15.11 | ~~452.16675~~ 574.18 |
| Flores, Adrian | 46.56 | 48 | 314.88 | 15.49 | 2438.7456 |
| Flores, Henry | 52.05 | 25 | 301.25 | 17.22 | 2593.7625 |
| Herbert, Sheldon | 46.45 | 24 | 154.80 | 14.48 | 1120.752 |
| Jones, Ronnie | 47.59 | 24 | 182.16 | 15.72 | 1431.7776 |
| Martindale, Justyn | 37.49 | 13 | ~~0.00~~ 52 | 14.04 | ~~0.00~~ 365.04 |
| McDonald, Brian | 20.51 | 4 | ~~0.00~~ 16 | 10.53 | ~~0.00~~ 84.24 |
| Ortiz, David | 55.73 | 16 | 251.68 | 11.67 | 1468.5528 |
| Reyes-Estrada, Edwin | 46.97 | 22 | 153.34 | 15.24 | 1168.4508 |
| Rios, Jose | 45.70 | 74 | 421.80 | 12.93 | 2726.937 |
| Shenker, Samuil | 47.14 | 2 | 14.28 | 12.36 | 88.2504 |
| Torres, Victor | 40.57 | 36 | ~~20.52~~ 144 | 14.33 | ~~147.0258~~ 1,031.76 |
| Apuzen, Valmike | Paid hourly with overtime throughout his employment with GONY. | | | | |

Total:   ~~14,018.45325~~ 15,474.4807

19

**ADDITIONAL PAYMENT FROM REMAINDER OF SETTLEMENT FUND**

The remainder of the Settlement Fund, based on the above figures, will be divided proportionally amongst the Class Members, as follows: $17,500 – $15,474.4807 = $2,025.51.

| Name | Adjusted Overtime Amount | Proportional Entitlement to Remainder of Fund | Entitlement Amount of Remainder of Fund | Final Settlement Check Amount |
|---|---|---|---|---|
| Carter, Gyasi | $382.032 | 2.5% | $50.64 | $432.67 |
| Davis, Benjamin | $574.18 | 3.7% | $74.94 | $649.12 |
| Flores, Adrian | $2438.7456 | 15.8% | $320.03 | $2758.78 |
| Flores, Henry | $2593.7625 | 16.8% | $340.28 | $2934.04 |
| Herbert, Sheldon | $1120.752 | 7.1% | $143.81 | $1264.56 |
| Jones, Ronnie | $1431.7776 | 9.3% | $188.37 | $1620.15 |
| Martindale, Justyn | $365.04 | 2.4% | $48.61 | $413.65 |
| McDonald, Brian | $84.24 | 0.5% | $10.13 | $94.37 |
| Ortiz, David | $1468.5528 | 9.5% | $192.43 | $1660.98 |
| Reyes-Estrada, Edwin | $1168.4508 | 7.5% | $151.92 | $1320.37 |
| Rios, Jose | $2726.937 | 17.6% | $356.49 | $3083.43 |
| Shenker, Samuil | $88.2504 | 0.6% | $12.15 | $100.40 |
| Torres, Victor | $1,031.76 | 6.7% | $135.71 | $1167.47 |
| | | | Total:  $ 2,025.51 | Total:  $17,499.99 |

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
SHELDON HERBERT, BENJAMIN DAVIS,          :        ECF
JUSTYN MARTINDALE,                        :
Individually and on Behalf of All Other   :        18 Civ. 5653 (AJN)
Persons Similarly Situated,               :
                                          :
                                          :
                        Plaintiffs,       :
                                          :
     -against-                            :
                                          :
GO NEW YORK TOURS INC. and                :
ALON BRAND,                               :
                                          :
                        Defendants.       :
--------------------------------------------------------------------X

SETTLEMENT AGREEMENT AND RELEASE

# EXHIBIT B

# PROPOSED NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT AND FAIRNESS HEARING

# AND

# PROPOSED NOTICE OF SETTLEMENT OF COLLECTIVE ACTION LAWSUIT

**QUESTIONS?**
**CONTACT CLASS COUNSEL WILLIAM C. RAND**
**AT THE LAW OFFICE OF WILLIAM COUDERT RAND**
**501 FIFTH AVENUE, 15TH FLOOR, NEW YORK, NY 10017**
**(212) 286-1425;WCRAND@WCRAND.COM**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | | |
|---|---|---|
| SHELDON HERBERT, BENJAMIN DAVIS, JUSTYN MARTINDALE, | : | ECF |
| Individually and on Behalf of All Other Persons Similarly Situated, | : | 18 Civ. 5653 (AJN) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| GO NEW YORK TOURS INC. and ALON BRAND, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------X

# COURT-AUTHORIZED NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**If you were a bus station/boat dock supervisor employed by Go New York Tours, Inc. between June 21, 2012 and September 28, 2016, you could receive a payment from a class action settlement.**

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

- Sheldon Herbert, Benjamin Davis, Justyn Martindale (collectively, "Plaintiffs" or "Class Representatives"), three former employees of Go New York Tours, Inc. ("Go New York") have sued Go New York and Alon Brand ("Defendants"), on their own behalf and on behalf of similarly situated workers, claiming that Defendants violated the New York Labor Law ("NYLL") by, among other things, failing to pay overtime premium pay for

time worked in excess of 40 hours a week and failing to provide proper notices and wage statements. While Defendants deny any wrongdoing and deny that they violated the law in any way, the parties have agreed to settle this lawsuit. As a result, Defendants have agreed to make a total settlement payment of $57,965.00 to resolve these claims. The Court has not decided who is right and who is wrong. This settlement was entered into voluntarily between the parties and their attorneys without any findings of liability.

- Based on the formula created in the settlement, you are entitled to receive $_____. This amount is based on the number of weeks you worked for Go New York and the number of overtime hours you worked.

- You may receive two notices with regard to this settlement. The above amount is the **only** amount you will receive under this settlement.

- Neither Plaintiffs' Counsel nor Defendants make any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

- Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing, you will remain part of the case and receive the payment amount identified above. You will give up any rights to separately sue Defendants about the same legal claims in this lawsuit. |
| **EXCLUDE YOURSELF** | By excluding yourself, you give up any right to receive a payment from this settlement. You will, however, keep any rights to sue Defendants about the same legal claims in this lawsuit. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the parties' settlement agreement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.   Why am I receiving this notice?

You are receiving this notice because Go New York's records show that you worked for Go New York as bus station/boat dock supervisor between June 21, 2012 and September 28, 2016.

A class and collective action lawsuit was brought against Go New York claiming that it violated various provisions of federal and New York State wage and hour laws. The Honorable Alison J. Nathan, United States District Court Judge in the Southern District of New York, is overseeing this class and collective action. The lawsuit is known as *Herbert, et al. v. Go New York Tours, Inc., et al.*, Case No. 1:18-cv-5653 (AJN).

This notice is being sent to you because you have a right to know about a proposed settlement reached in this lawsuit and about all of your options in connection with this proposed settlement, before the Court decides to finally approve the settlement. If the Court approves the settlement and after any objections and appeals are resolved, payments will be mailed to class members who do not opt-out of the settlement.

### 2.   What is this lawsuit about?

In this lawsuit, the Plaintiffs alleged that Defendants violated federal and/or New York law by unlawfully failing to pay overtime premium pay for time worked in excess of 40 hours a week and failing to provide proper notices and wage statements.  Defendants deny all of these allegations and maintain that they always fully complied with the law.

### 3.   Why is this a class and collective action?

In class and collective actions, one or more people called Class Representatives sue on behalf of people who have the same or similar claims. Here, the Plaintiffs are the Class Representatives. The people with the same or similar claims are called Class Members. In class and collective actions, one court resolves the issues for all Class Members, except for those who decide to exclude themselves from the Class, as explained in paragraph 11 below.

### 4.   Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to settle the case. That way, the parties avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS PART OF THE SETTLEMENT?

### 5. Am I part of the settlement?

Go New York's records reflect that you worked for Go New York as a bus station/boat dock supervisor between June 21, 2012 and September 28, 2016 ("Relevant Period"). Therefore, unless you exclude yourself, you are automatically covered by this settlement.

If you are still unsure about whether you are included, you can ask for free help. You can contact Plaintiffs' Counsel, The Law Office of William Coudert Rand, at the phone number or address listed below.

## WHAT ARE THE SETTLEMENT BENEFITS?

### 6. What does the settlement agreement provide?

Defendants have agreed to create a total settlement fund of $57,965.00. The fund shall be used to make settlement payments to Class Members who do not exclude themselves, payments to the Plaintiffs to settle their individual claims, and Plaintiffs' Counsel's attorneys' fees and costs.

The amount to be paid to each Class Member is based on the number of weeks the Class Member worked at Go New York and the amount of overtime worked by the Class Member. The settlement agreement further provides that, in exchange for receiving a settlement payment, the Class Members who do not exclude themselves agree to dismiss this lawsuit and release all of their potential wage and hour claims against Go New York.

### 7. How much do I receive?

Based on the formula in the settlement agreement, you are entitled to receive $_____, if you do not opt out.

Again, you may receive two notices regarding this settlement, but this is the **only** amount you will receive from the settlement agreement.

## HOW DO I RECEIVE MY PAYMENT?

### 8. How can I get my settlement payment?

You do not need to do anything to receive your settlement payment. If you choose to exclude yourself (as explained in paragraph 11 below), you will not receive a settlement payment.

### 9. When will I get my settlement payment?

The Court will hold a fairness hearing on **[INSERT DATE]** at **[INSERT TIME]** to decide whether to approve the settlement. If the Court approves the settlement, then your payment will be mailed to you within 30 days of the Court's approval order unless there is an appeal. It is always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient.

| 10. What am I giving up by staying in the class? |
| --- |

Unless you exclude yourself (as explained in paragraph 11 below), you will remain a Class Member. That means that you cannot sue, continue to sue, or be a party of any other lawsuit against Defendants for any alleged wage and hour violations under federal, state or local law (except with respect to your potential FLSA claims as noted below) related to your employment by Defendants during the Relevant Time Period.  It also means that all of the Court's orders will apply to you and legally bind you.

Furthermore, if you endorse the settlement check that you will receive if you do not exclude yourself from the Class, you will further release any and all FLSA claims you may have against Defendants based on your employment during the Relevant Period. You will receive a separate notice on what to do if you wish to "opt in" to the collective action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must exclude yourself from class. The process of excluding yourself is also sometimes referred to as "opting out" of the class.

| 11. How do I opt out of the settlement? |
| --- |

To exclude yourself from the settlement, you must send a letter by First Class U.S. mail Stating unconditionally your intention to opt-out, such as: "I elect to exclude myself from the settlement in *Herbert, et al. v. Go New York Tours, Inc., et al*., Case No. 1:18-cv-5653 (AJN)." You must also include your name, address, telephone number, and your signature. Your exclusion request must be received no later than **[INSERT DATE 30 DAYS FROM DATE OF MAILING]** and must be mailed to:

Barton LLP
711 Third Ave, 14th Floor
Barton, LLP 10017

If you ask to be excluded from the settlement, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendants in the future.

| 12. If I don't exclude myself, can I sue Defendants for the same thing later? |
| --- |

No. Unless you exclude yourself, you give up any rights to sue Defendants for the same claims being settled in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is than **[INSERT DATE 30 DAYS FROM DATE OF MAILING].**

### 13.  If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## THE LAWYERS REPRESENTING YOU

### 14.  Do I have a lawyer in this case?

The Court has decided that the law firm of the Law Office of William Coudert Rand is qualified to represent you and all of the other class members. More information about the Law Office of William Coudert Rand and its practice is available at http://www.wcrand.com or at 212-286-1425. You will not be charged for Plaintiffs' Counsel, and you do not need to retain your own attorney in order to participate as a Class Member. If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

### 15.  How will Plaintiffs' Counsel be paid?

Class Counsel will ask the Court to approve payment of up to $24,465.00 for their attorneys' fees and costs. The fees would pay Plaintiffs' Counsel for investigating the facts, litigating the case, negotiating the settlement, and out of pocket costs. The Court may award less than these requested amounts to Plaintiffs' Counsel.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 16.  How do I tell the Court that I object to the settlement?

You can object to the settlement agreement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter via U.S. Mail stating that you object to the settlement agreement in *Herbert, et al. v. Go New York Tours, Inc., et al*., Case No. 1:18-cv-5653 (AJN), and stating the reasons why you object. Be sure to include your name, address, telephone number, and signature. Any objections must be received by **[INSERT DATE 30 DAYS FROM DATE OF MAILING]**, and mailed to:

Barton LLP
711 Third Ave, 14th Floor
Barton, LLP 10017

**Do not contact the Court directly for any reason.**

**17.   What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you do not exclude yourself from the class. Excluding yourself is telling the Court that you don't want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. If you wish to bring anything to the Court's attention about the settlement, you must provide it in writing to the Claims Administrator according to Paragraph 16 above, who will provide your letter to the Court before the fairness hearing.

**18.   When and where will the Court decide whether to approve the settlement agreement?**

The Court will hold a fairness hearing at **[INSERT TIME]** on **[INSERT DATE]** at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 in Courtroom 906.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take.

**19.   Do I have to attend the fairness hearing?**

No, even if you filed an objection. Plaintiffs' Counsel will represent you at the hearing. Of course, you are welcome to attend at your own expense if you so desire. The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing. You may also pay your own lawyer to attend the fairness hearing, but it is not necessary.

**20.   May I speak at the fairness hearing?**

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter stating, "Notice of Intention to Appear in *Herbert, et al. v. Go New York Tours, Inc., et al.*, Case No. 1:18-cv-5653 (AJN)." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than **[INSERT DATE 30 DAYS FROM DATE OF MAILING]**, and mailed to:

Barton LLP
711 Third Ave, 14th Floor
Barton, LLP 10017

Again, you cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**21.   What if I have questions about the settlement?**

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting Plaintiffs' Counsel at the address and/or telephone numbers below.

Dated: [INSERT MONTH] ___, 2019

**QUESTIONS?**
**CONTACT CLASS COUNSEL WILLIAM C. RAND**
**AT THE LAW OFFICE OF WILLIAM COUDERT RAND**
**501 FIFTH AVENUE, 15TH FLOOR, NEW YORK, NY 10017**
**(212) 286-1425;WCRAND@WCRAND.COM**

**QUESTIONS?**
**CONTACT CLASS COUNSEL WILLIAM C. RAND**
**AT THE LAW OFFICE OF WILLIAM COUDERT RAND**
**501 FIFTH AVENUE, 15TH FLOOR, NEW YORK, NY 10017**
**(212) 286-1425; WCRAND@WCRAND.COM**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHELDON HERBERT, BENJAMIN DAVIS,      :     ECF
JUSTYN MARTINDALE,      :
Individually and on Behalf of All Other      :     18 Civ. 5653 (AJN)
Persons Similarly Situated,      :
      :
      :
      Plaintiffs,      :
      :
   -against-      :
      :
GO NEW YORK TOURS INC. and      :
ALON BRAND,      :
      :
      Defendants.      :
-------------------------------------------------------------------X

# COURT-AUTHORIZED NOTICE OF COLLECTIVE ACTION SETTLEMENT

## If you were a bus station/boat dock supervisor employed by Go New York Tours, Inc. between June 21, 2012 and September 28, 2016, you could receive a payment from a class action settlement.

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

- Sheldon Herbert, Benjamin Davis, Justyn Martindale (collectively, "Plaintiffs" or "Class Representatives"), three former employees of Go New York Tours, Inc. ("Go New York") have sued Go New York and Alon Brand ("Defendants"), on their own behalf and on behalf of similarly situated workers, claiming that Defendants violated the Fair Labor Standards Act ("FLSA") by, among other things, failing to pay overtime premium pay for time worked in excess of 40 hours a week. While Defendants deny any wrongdoing and deny that they violated the law in any way, the parties have agreed to settle this lawsuit. As a result, Defendants have agreed to make a total settlement payment of $57,965.00 to

resolve these claims. The Court has not decided who is right and who is wrong. This settlement was entered into voluntarily between the parties and their attorneys without any findings of liability.

- Based on the formula created in the settlement, you are entitled to receive $_____. This amount is based on the number of weeks you worked for Go New York and the number of overtime hours you worked.

- You may receive two notices with regard to this settlement. The above amount is the **only** amount you will receive under this settlement.

- Neither Plaintiffs' Counsel nor Defendants make any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

- Your legal rights may be affected. There is nothing for you to do at this time, but when you receive your Release, Consent, and Settlement Check, you will have a choice to make:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **ENDORSE AND NEGOTIATE THE CHECK** | By endorsing and depositing or cashing the check, you will signal your agreement to participate in the settlement and receive the payment amount identified on the check. |
| **DO NOT NEGOTIATE THE CHECK** | If you do not wish to participate in, or be bound by, the settlement you should not deposit or cash the check. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the parties' settlement agreement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why am I receiving this notice?

You are receiving this notice because Go New York's records show that you worked for Go New York as bus station/boat dock supervisor between June 21, 2012 and September 28, 2016.

A class and collective action lawsuit was brought against Go New York claiming that it violated various provisions of federal and New York State wage and hour laws by inter alia failing to pay proper overtime wages to salaried bus station/boat dock supervisors. The Honorable Alison J. Nathan, United States District Court Judge in the Southern District of New York, is overseeing this class and collective action. The lawsuit is known as *Herbert, et al. v. Go New York Tours, Inc., et al.*, Case No. 1:18-cv-5653 (AJN).

This notice is being sent to you because you have a right to know about a proposed settlement reached in this lawsuit and about all of your options in connection with this proposed settlement, before the Court decides to finally approve the settlement. If the Court approves the settlement and after any objections and appeals are resolved, payments will be mailed to class members who do not opt-out of the settlement.

### 2.   What is this lawsuit about?

In this lawsuit, the Plaintiffs alleged that Defendants violated federal and/or New York law by unlawfully failing to pay overtime premium pay for time worked in excess of 40 hours a week and failing to provide proper notices and wage statements. Defendants deny all of these allegations and maintain that they always fully complied with the law.

### 3.   Why is this a class and collective action?

In a Collective Action, one or more people called a Class Representative sue on behalf of people who have similar claims. However, other bus station/boat dock supervisors who have similar claims do not become part of the Collective Action until they opt into the Collective Action. You may opt into the Collective Action part of this lawsuit and become a Collective Action Member by cashing the settlement check that will be mailed to you if and when the Court approves the settlement and after all objections and appeals have been heard.

### 4.   Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to settle the case. That way, the parties avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS PART OF THE SETTLEMENT?

### 5.   Am I part of the settlement?

Go New York's records reflect that you worked for Go New York as a bus station/boat dock supervisor between June 21, 2012 and September 28, 2016.

If you are still unsure about whether you are included, you can ask for free help. You can contact Plaintiffs' Counsel, The Law Office of William Coudert Rand, at the phone number or address listed below.

# WHAT ARE THE SETTLEMENT BENEFITS?

### 6.  What does the settlement agreement provide?

Defendants have agreed to create a total settlement fund of $57,965.00. The fund shall be used to make settlement payments to Class Members, payments to the Plaintiffs to settle their individual claims, and Plaintiffs' Counsel's attorneys' fees and costs.

The amount to be paid to each Class Member is based on the number of weeks the Class Member worked at Go New York and the amount of overtime worked by the Class Member Settlement checks that are issued to potential Collective Action Members that are not cashed within 90 days will revert back to Go New York.

### 7.  How much do I receive?

Based on the formula in the settlement agreement, you are entitled to receive approximately **[INSERT Dollar Amount on Exhibit A]**.

Again, you may receive two notices regarding this settlement, but this is the **only** amount you will receive from the settlement agreement.

# HOW DO I RECEIVE MY PAYMENT?

### 8.  How can I get my settlement payment?

You do not need to do anything to receive your settlement payment. If and when the Court approves the settlement and after all objections and appeals have been heard, you will be sent a settlement check. By cashing the settlement check, you agree to join the Collective Action. If you do not cash the settlement check within **90 days** of the date the check is mailed to you, you will not become part of the Collective Action, and you will not receive a settlement payment.

### 9.  When will I get my settlement payment?

The Court will hold a fairness hearing on **[INSERT DATE]** at **[INSERT TIME** to decide whether to approve the settlement. If the Court approves the settlement, then your payment will be mailed to you within 30 days of the Court's approval order unless there is an appeal. It is always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient.

### 10.  What am I giving up by joining?

You will not become a member of the Collective Action unless you cash the settlement check that will be mailed to you if and when the Court approves the settlement and after all

objections and appeals have been heard. If you cash your settlement check, you cannot sue, continue to sue, or be a party in any other lawsuit against Defendants seeking to prosecute wage and hour claims for unpaid wages during the Relevant Period. It also means that all of the Court's orders will apply to you and legally bind you.

## THE LAWYERS REPRESENTING YOU

### 11.   Do I have a lawyer in this case?

The Court has decided that the law firm of the Law Office of William Coudert Rand is qualified to represent you and all of the other class members. More information about the Law Office of William Coudert Rand and its practice is available at http://www.wcrand.com/. You will not be charged for Plaintiffs' Counsel, and you do not need to retain your own attorney in order to join the Collective Action. If choose not to join the Collective Action and want to be represented by your own lawyer, you may hire one at your own expense.

### 12.   How will Plaintiffs' Counsel be paid?

Class Counsel will ask the Court to approve payment of up to $24,465.00 for their attorneys' fees and costs. The fees would pay Plaintiffs' Counsel for investigating the facts, litigating the case, negotiating the settlement, and out of pocket costs. The Court may award less than these requested amounts to Plaintiffs' Counsel.

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. If you wish to bring anything to the Court's attention about the settlement, you must provide it in writing to the Claims Administrator according to Paragraph 16 above, who will provide your letter to the Court before the fairness hearing.

### 13.   When and where will the Court decide whether to approve the settlement agreement?

The Court will hold a fairness hearing at **[INSERT TIME]** on **[INSERT DATE]** at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 in Courtroom 906.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take.

### 14.   Do I have to attend the fairness hearing?

No, even if you filed an objection. Plaintiffs' Counsel will represent you at the hearing. Of course, you are welcome to attend at your own expense if you so desire. The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing. You may also pay your own lawyer to attend the fairness hearing, but it is not necessary.

### 15.   May I speak at the fairness hearing?

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter stating, "Notice of Intention to Appear in *Herbert, et al. v. Go New York Tours, Inc., et al.*, Case No. 1:18-cv-5653 (AJN)." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than **[INSERT DATE 30 DAYS FROM DATE OF MAILING]**, and mailed to:

Barton LLP
711 Third Ave, 14th Floor
Barton, LLP 10017

Again, you cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

### 16.   What if I have questions about the settlement?

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting Plaintiffs' Counsel at the address and/or telephone numbers below.

Dated: [INSERT MONTH] ___, 2019

## QUESTIONS?
## CONTACT CLASS COUNSEL WILLIAM C. RAND
## AT THE LAW OFFICE OF WILLIAM COUDERT RAND
## 501 FIFTH AVENUE, 15TH FLOOR, NEW YORK, NY 10017
## (212) 286-1425;WCRAND@WCRAND.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHELDON HERBERT, BENJAMIN DAVIS,          :      ECF
JUSTYN MARTINDALE,                        :
Individually and on Behalf of All Other   :      18 Civ. 5653 (AJN)
Persons Similarly Situated,               :
                                          :
                                          :
                  Plaintiffs,             :
                                          :
       -against-                          :
                                          :
GO NEW YORK TOURS INC. and                :
ALON BRAND,                               :
                                          :
                  Defendants.             :
-----------------------------------------------------------------------X

**SETTLEMENT AGREEMENT AND RELEASE**

# EXHIBIT C

# PROPOSED PRELIMINARY APPROVAL ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
SHELDON HERBERT, BENJAMIN DAVIS,            :        ECF
JUSTYN MARTINDALE,                          :
Individually and on Behalf of All Other     :        18 Civ. 5653 (AJN)
Persons Similarly Situated,                 :
                                            :
                                            :
                        Plaintiffs,         :
                                            :
        -against-                           :
                                            :
GO NEW YORK TOURS INC. and                  :
ALON BRAND,                                 :
                                            :
                        Defendants.         :
--------------------------------------------------------------------X

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT AND PROVIDING FOR NOTICE OF FAIRNESS HEARING

**WHEREAS**, the class and collective action, *Herbert v. Go New York Tours, Inc., et al.*, Civil Action Number 18-cv-5653 ("Lawsuit"), is currently pending before this Court;

**WHEREAS**, the parties have made an application, pursuant to Federal Rules of Civil Procedure 23(e) and (g) for an order approving settlement of the claims alleged in the Lawsuit on a class basis (the "Settlement") and appointing class counsel in accordance with a Settlement Agreement dated as of July _____, 2019 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement, the exhibits annexed thereto, and the parties' joint motion for approval; and

**WHEREAS**, all capitalized terms contained and not otherwise defined herein shall have the same meanings set forth in the Agreement.

**IT IS ON THIS** \_\_\_\_ **DAY OF** _____, **2019, HEREBY ORDERED AS FOLLOWS:**

1.     The Court hereby preliminarily approves the Settlement set forth in the Agreement as being fair, just, and reasonable.

2.     For purposes of the Settlement, the Court hereby preliminarily certifies the class as defined in the Agreement (hereinafter, the "Class"); namely, the persons listed on Exhibit A to the Agreement who were bus station/boat dock supervisors who were employed by Go New York Tours, Inc. ("Go New York") on or between June 21, 2012 and September 28, 2016.  The Court preliminarily finds, for settlement purposes, that the Class meets all of the requirements of Federal Rule of Civil Procedure 23.

3.     The Court appoints the Named Plaintiffs as class representatives and appoints as Class Counsel the Law Office of William Coudert Rand.

4.     The Agreement falls within the range of reasonableness and appears to be presumptively valid, subject only to the objections that may be raised at the final Fairness Hearing.

5.     The Court approves, as to form and content, the Notices of Settlement attached as Exhibit B to the Agreement under Federal Rules of Civil Procedure 23(c) and (e), and finds that the mailing and distribution of the Notices substantially in the manner and form set forth in the Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to all persons in the Class and Collective, complying fully with the requirements of Federal Rule of Civil Procedure 23, the Fair Labor Standards Act (the "FLSA"), the Constitution of the United States, and any other applicable laws.

6.      A Fairness Hearing shall be held before this Court on _____, 2019, [not less than 90 days from the Class Action Fairness Act, ("CAFA"), 28 U.S.C. § 1715(b) notice mailing date] at the United States District Court, Southern District of New York, Thurgood Marshall U.S. Courthouse,  40 Foley Square, New York, NY 10007, to determine finally whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, just, reasonable, adequate, and in the best interest of the Class, and should be approved by the Court; and whether entry of Judgment and Final Approval, as provided in the Agreement, should be entered.

7.      Class Counsel is hereby authorized to supervise and administer the notice procedure as more fully set forth below:

A.      On or before _____ [20 days from this Order], Go New York shall provide Class Counsel the following information for all Class Members: name, social security number, last known addresses, and last known personal email addresses, if any (the "Class Contact List.").

B.      On or before thirty (30) days from this Order (the "Notice Date"), the Settlement Claims Administrator shall cause to be mailed by first-class mail and by email if email address identified, a copy of the Notices of Settlement, substantially in the form annexed as Exhibit B to the Agreement, to all putative Class and Collective Action Members who can be identified or located with reasonable effort.

C.      Class Members shall have thirty (30) days from the date that the Notice is mailed to opt-out of the settlement by mailing an Opt-Out Statement to the Settlement Claims Administrator, containing the information required by the Agreement.

D.     Class Members shall have thirty (30) days from the date that the notice is mailed to mail a Written Objection to the Settlement Claims Administrator, containing the information required by the Agreement.  Any statement of position or objection shall state the objector's name, address, and telephone number and dates of employment with GO NEW YORK TOURS, INC. and whether the objector intends to speak at the Fairness Hearing.  Any member of the Class who does not make his or her objection in the manner provided in the Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement, the releases provide for in the Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the award of an incentive payment for the Named Plaintiffs, unless otherwise ordered by the Court.

E.     Class Counsel shall file a Motion for Judgment and Final Approval of the Settlement and the Agreement no later than fifteen (15) days before the Fairness Hearing.  Defense Counsel may join in this motion or file a motion of their own.

F.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  Notice of any adjournment can be obtained from Class Counsel:  William C. Rand, Esq., Law Office of William Coudert Rand, 501 Fifth Ave., 15th Floor, New York, New York 10017 (phone #212-286-1425) (fax #646-688-3078).  The Court may approve the settlement, with such modifications as may be agreed to by Class Counsel and Defense Counsel, if appropriate, without further notice to the Class.

SO ORDERED

_____
United States District Judge

Dated: _____, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHELDON HERBERT, BENJAMIN DAVIS,          :          ECF
JUSTYN MARTINDALE,                        :
Individually and on Behalf of All Other   :          18 Civ. 5653 (AJN)
Persons Similarly Situated,               :
                                          :
                                          :
                        Plaintiffs,       :
                                          :
        -against-                         :
                                          :
GO NEW YORK TOURS INC. and                :
ALON BRAND,                               :
                                          :
                        Defendants.       :
-----------------------------------------------------------------------X

SETTLEMENT AGREEMENT AND RELEASE

# EXHIBIT D

# PROPOSED FINAL APPROVAL ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHELDON HERBERT, BENJAMIN DAVIS,                      :        ECF
JUSTYN MARTINDALE,                                     :
Individually and on Behalf of All Other               :        18 Civ. 5653 (AJN)
Persons Similarly Situated,                           :
                                                      :
                                                      :
                            Plaintiffs,               :
                                                      :
        -against-                                     :
                                                      :
GO NEW YORK TOURS INC. and                            :
ALON BRAND,                                            :
                                                      :
                            Defendants.               :
-----------------------------------------------------------------------X

### [PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS; (2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE

This matter came on for hearing upon the Court's Order dated _____, 2019 following preliminary approval of the Settlement in this action ("Preliminary Approval Order"). Due and adequate notice having been given to the Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a.      Except as otherwise specified herein, the Court adopts all defined terms set forth in the parties' Settlement Agreement, dated July ___, 2019 (the "Agreement").

42

b.   The Court has jurisdiction over the subject matter of the above-captioned matter, the Named Plaintiffs, Defendants Go New York Tours, Inc. and Alon Brand (collectively, "Defendants") and all members of the Class.

c.   If, for any reason, this Agreement does not become Effective, the parties shall return to their respective positions in the Action as those positions existed immediately before execution of the Agreement.

d.   The Court finds that the distribution by first-class mail of the Notices of Settlement constituted the best notice practicable and fully met the requirements of due process under the United States Constitution, applicable state law, Federal Rule of Civil Procedure 23, and the Fair Labor Standards Act. Based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual notices to Class and Collective were adequate. These papers informed class members of the terms of the Settlement, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear at the Fairness Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Class Members objected to the Settlement. The following Class Members did not receive service and have been removed from the Class: **[Insert Names if Relevant].** The following Class Members requested to be excluded from the class and also have been removed from the Class: **[Insert Names If Relevant].**

e.   The Court finds, for purposes of settlement only, that the class satisfies the applicable standards for certification under Federal Rules of Civil Procedure 23. Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Class, as that term is defined above. Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

f.   The Court approves the Settlement, and each of the releases and other terms set

forth in the Agreement, as fair, just, reasonable, and adequate as to the Class, the Named Plaintiffs, and Defendants (collectively "Settling Parties") under all applicable law, including but not limited to, Federal Rule of Civil Procedure 23, the Fair Labor Standards Act, and the New York Labor Law. The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

g. The Court finds that the plan of allocation set forth in the Agreement is fair and reasonable and that distribution of the Net Settlement Amount to Class Members shall be done in accordance with the terms outlined in the Agreement.

h. The Court hereby orders the appointment of the Named Plaintiffs in the caption as Class Representatives for the Class for purposes of settlement.

i. The Court hereby orders the appointment of William Coudert Rand, Law Office of William Coudert Rand as Class Counsel for the Class for purposes of Settlement.

j. Defendants have agreed to pay to Class Counsel $24,465 for his reasonable attorneys' fees in the amount of $_____[INSERT], and costs and expenses in the total amount of $_____[INSERT]. Accordingly, the Court hereby awards to Class Counsel $_____[INSERT AMOUNT] for attorneys' fees and $_____ [INSERT AMOUNT] for costs and expenses. The individual settlement payment to Named Plaintiff Sheldon Herbert in the amount of $7,500 and Named Plaintiff Justyn Martindale in the amount of $5,000 and Named Plaintiff Benjamin Davis in the amount of $3,500 are also approved. Defendants are directed to make all of the foregoing payments to Class Counsel and the Named Plaintiffs and the Class Members in accordance with the terms of the Agreement. Defendants shall not be required to make any additional payments in connection with the Settlement.

k. (b) Class Counsel shall receive fees and expenses approved by the Court in an amount no greater than $24,465.

l. By operation of entry of this Order and Final Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the

terms of the Agreement as to all Class Members, except those who have timely and validly opted-out or to whom Defendants have granted an exclusion.

m.    The Defendants entered into this Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any liability, and all liability is expressly denied.

n.    This action is hereby dismissed on the merits and with prejudice. The action is closed. The Court retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Agreement or to effectuate the terms of the Agreement.

o.    This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____, 2019

_____
The Honorable
United States District Judge