UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHELDON HERBERT, BENJAMIN DAVIS,                :         ECF
JUSTYN MARTINDALE,                              :
Individually and on Behalf of All Other         :         18 Civ. 5653 (AJN)
Persons Similarly Situated,                     :
                                                :
                                                :
                        Plaintiffs,             :
                                                :
    -against-                                   :
                                                :
GO NEW YORK TOURS INC. and                      :
ALON BRAND,                                     :
                                                :
                        Defendants.             :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2020

**[PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS; (2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE**

This matter came on for hearing upon the Court's Order dated June ~~2~~ 9, 2020 following preliminary approval of the Settlement in this action ("Preliminary Approval Order"). Due and adequate notice having been given to the Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a.   Except as otherwise specified herein, the Court adopts all defined terms set forth in the parties' Settlement Agreement, dated July _22, 2019 (the "Agreement").

b.   The Court has jurisdiction over the subject matter of the above-captioned matter, the Named Plaintiffs, Defendants Go New York Tours, Inc. and Alon Brand (collectively, "Defendants") and all members of the Class.

c. If, for any reason, this Agreement does not become Effective, the parties shall return to their respective positions in the Action as those positions existed immediately before execution of the Agreement.

d. The Court finds that the distribution by first-class mail of the Notices of Settlement constituted the best notice practicable and fully met the requirements of due process under the United States Constitution, applicable state law, Federal Rule of Civil Procedure 23, and the Fair Labor Standards Act. Based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual notices to Class and Collective were adequate. These papers informed class members of the terms of the Settlement, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear at the Fairness Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Class Members objected to the Settlement or opted out of the Settlement.

e. The Court finds, for purposes of settlement only, that the class satisfies the applicable standards for certification under Federal Rules of Civil Procedure 23. Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Class, as that term is defined above. Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

f. The Court approves the Settlement, and each of the releases and other terms set forth in the Agreement, as fair, just, reasonable, and adequate as to the Class, the Named Plaintiffs, and Defendants (collectively "Settling Parties") under all applicable law, including but not limited to, Federal Rule of Civil Procedure 23, the Fair Labor Standards Act, and the New York Labor Law. The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

g. The Court finds that the plan of allocation set forth in the Agreement is fair and

      reasonable and that distribution of the Net Settlement Amount to Class Members shall be done in accordance with the terms outlined in the Agreement.

h.     The Court hereby orders the appointment of the Named Plaintiffs in the caption as Class Representatives for the Class for purposes of settlement.

i.     The Court hereby orders the appointment of William Coudert Rand, Law Office of William Coudert Rand as Class Counsel for the Class for purposes of Settlement.

j.     Defendants have agreed to pay to Class Counsel $24,465 for his reasonable attorneys' fees in the amount of $24,051.53, and costs and expenses in the total amount of $413.47.  Accordingly, the Court hereby awards to Class Counsel $24,051.53 for attorneys' fees and $413.47 for costs and expenses. The individual settlement payment to Named Plaintiff Sheldon Herbert in the amount of $7,500 and Named Plaintiff Justyn Martindale in the amount of $5,000 and Named Plaintiff Benjamin Davis in the amount of $3,500 are also approved.  Defendants are directed to make all of the foregoing payments to Class Counsel and the Named Plaintiffs and the Class Members in accordance with the terms of the Agreement. Defendants shall not be required to make any additional payments in connection with the Settlement.

k.     By operation of entry of this Order and Final Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Agreement as to all Class Members, except those who have timely and validly opted-out or to whom Defendants have granted an exclusion.

l.     The Defendants entered into this Agreement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any liability, and all liability is expressly denied.

m.     This action is hereby dismissed on the merits and with prejudice.  The action is closed.  The Court retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Agreement or to effectuate the terms of the Agreement.

n. This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: __June 25, 2020_____, ~~2019~~

The Honorable
United States District Judge

4